## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

QUILLED CREATIONS, LLC,

                              Plaintiff,

            -vs-                         **DECISION & ORDER**
                                                           04-CV-6385-CJS

SCRAPCUTS, LLC AND EMILY D. JOHNSON,

                              Defendants.

---

### APPEARANCES

For Plaintiff:                            Michael R. Law, Esq.
                                               Phillips Lytle LLP
                                               1400 First Federal Plaza
                                               Rochester, NY 14614

For Defendants:                        In Default

### INTRODUCTION

The Court previously entered judgment for plaintiffs based on defendants' default in this copyright action. Now pending before the Court is the question of damages. Following a hearing and submission of additional affidavits, the Court determines that plaintiff is entitled to: (1) $150,000 in enhanced statutory damages; (2) $3,973.98 for defendants' unpaid invoices; and (3) $13,605.27 for attorney's fees and costs.

### BACKGROUND

Quilled Creations is owned and operated by David Bartkowski ("Bartkowski"). His company creates quilling[1] kits ("kit"), which contain a twelve-page instruction pamphlet in

---

[1] Quilling is defined as "the art of creating decorative designs from thin strips of curled paper. Using simple tools, long strips of paper are tightly wound and released to form complex

a folder. (Bartkowski Decl. March 1, 2005 ¶ 3.) The folder is printed in color on the outside, and on the inside are a ruler and instructions for making basic quilling shapes. (*Id.*) The content on the inside of the kit is the same for every kit. (*Id.*) The twelve page instruction pamphlet is specific to the subject matter. (*Id.*) Most kits are theme kits that cost $8.95. (*Id.* ¶ 2.) There is also a larger beginner kit that costs $39.95. (*Id.*)

Relevant to this lawsuit, Bartkowski, on behalf of Quilled Creations, had registered eight theme kits and one beginner kit with the U.S. Copyright Office. (*Id.* ¶ 5) Bartkowski incurred substantial time and expense in writing, designing, and printing these pamphlets. (*Id.* ¶ 4.) "For example, the instructions for basic shapes, which are printed inside the folder, represent forty hours of work in creating the images, photography, developing the copytext, formatting, layout and review," and "[i]n all, Quilled Creations kits represent many months of work. It has taken two full years to develop our market and renew interest in this age old craft." (*Id.* ¶ 4.) Quilled Creations has been selling kits since 2002. (*Id.* ¶ 7.)

In June 2003, Quilled Creations began a wholesale relationship with defendants Scrapcuts, LLC ("Scrapcuts"), whose owner is Emily Johnson ("Johnson"). Quilled Creations sold quilling kits to Scrapcuts at wholesale–50% off retail–less an additional 10%. Over the following nine months, it sold 3,009 kits to Scrapcuts for a total of $18,170.02 at wholesale price. (Bartkowski Decl. March 1, 2005 ¶ 8.)

In November 2003, Bartowski became aware that defendants had copied artwork from the Quilled Creations website and that they were using it on their website, passing it off as their own creation. (*Id.* ¶ 11.) Bartkowski wrote Johnson an email to object, and

---

shapes. Also called paper filligree, the art has been practiced since the Renaissance."
(http://en.wikipedia.org/wiki/Quilling (Aug. 1, 2005).)

Johnson replied that her web designer would take care of it in a few days. (*Id.*) However, defendants never corrected the situation, and Bartkowski terminated the business relationship with them in February 2004. (*Id.* ¶ 9.) At that time, defendants still owed Quilled Creations $3,973.98 for the last three shipments. (*Id.* ¶ 12.)

In a June 9, 2003, email correspondence to Bartkowski, Johnson acknowledged that Quilled Creations products were, in fact, copyrighted (*Id.* at Ex. C.) On March 17, 2004, Bartkowski wrote defendants and demanded "that [Johnson] cease using all Quilled Creations artwork." (*Id.*) As of March 1, 2005, defendants are still using the copyrighted material. (*Id.*)

In July 2004, Bartkowski learned that defendants were selling reproductions of the Quilled Creations quilling kits. (*Id.* ¶ 13.) In that regard, he discovered that a Scrapcuts' logo appeared on the instructions which accompanied the reproductions. Further, it was apparent that these instructions had been copied from those contained in the Quilled Creations' kits. Moreover, on the copied instructions, there was a Scrapcuts copyright dated 2003 that indicating that defendants' copyright infringement has been ongoing since that time. (*Id.* ¶ 14.)

On August 11, 2004, Bartkowski's attorney, Michael Law, Esq., sent a lengthy letter to defendants demanding that they cease and desist the copyright infringement. (*Id.* ¶ 15; Ex. H.) As of September, 2004, defendants have not responded to Mr. Law's letter and have continued to sell the quilling kits over the Internet, even after being served with a summons and complaint in this action. (*Id.*)

On August 25, 2004, Bartkowski asked Aimee Repp ("Repp"), an acquaintance of his family, to place an order with Scrapcuts for three kits. (*Id.* ¶ 16-17). Bartkowski thought that

by then, Johnson would have used up her stock of Quilled Creations kits. Repp asserts she did so and that she received from Scrapcuts instructional booklets that had obviously had the staples removed[2] and that the booklets had been reassembled incorrectly. (Repp Dec. ¶ 3.) For example, Repp received the Christmas kit with four pages of the Christmas Kit instructions stapled together with eight pages of the Birthday Kit instructions. (*Id*.) When Repp complained of the error, Johnson stated, via email, "[a]ll of the Christmas Kits we had here in stock were misprinted." (*Id*. ¶ 4) Johnson claimed that the problem was due to the supplier. (*Id*.) Johnson, in her email to Repp, stated, "I do have a photocopy that I can send you - it isn't as nice as the original printed look, but has the instructions you need." (Repp Dec. ¶ 4.)

Bartkowski commenced this action on August 11, 2004 seeking to enjoin defendants from infringing on Quilled Creations' copyrights and to recover damages from that infringing activity. Defendants were served on September 8, 2004 and are in default. On January 7, 2005, the Court entered an Order enjoining defendants from infringing on Quilled Creations' copyrights. In the original complaint, plaintiff sought either its own damages plus defendants' profits, or statutory damages. (Compl. at 10-11.) However, in the March 1, 2005 declaration by Edmund Baird, an associate of plaintiff's counsel, Michael Law, Bartkowski abandoned his claim for actual damages and requested only a statutory award. (Baird Decl. March 1, 2005.)

## DISCUSSION

Pursuant to 17 U.S.C. § 504, plaintiff is entitled to either its own damages plus

---

[2]Bartkowski assumes the staples were removed in order to photocopy the booklets. (Bartowski Decl. (Mar. 1, 2005) ¶ 17.)

defendants' profits, or statutory damages. The statute reads in pertinent part as follows:

> (c) Statutory damages.
>
> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $ 750 or more than $ 30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $ 150,000….

17 U.S.C. § 504(c).

The Second Circuit in *N.A.S. Import Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250 (2d Cir. 1992), outlined the considerations for accessing statutory damages pursuant to 17 U.S.C. § 504(c)(2). It held that if the district court determines that defendants' infringement was, in fact, willful, then the court can award enhanced statutory damages. The maximum penalty for enhanced statutory damages is $150,000. As stated in *N.A.S. Import*, knowledge of infringement "need not be proven directly but may be inferred from defendant's conduct." *Id*. at 252. Additionally, the Second Circuit held that "'reckless disregard of the copyright holder's rights (rather than actual knowledge of infringement) suffices to warrant award of the enhanced damages.'" *Id*. (*quoting RCA/Ariola Intern., Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779 (8th Cir. 1988)).

Based on the evidence submitted, the Court determines that plaintiff has shown his entitlement to the enhanced statutory damages. The Court finds that there is conclusive evidence that defendants did engage in willful misconduct. In addition to the evidence of

Johnson's repeated and flagrant infringements, Johnson herself acknowledged her knowledge of plaintiff's copyright through her email correspondence with Bartkowski. (Bartkowski Decl. March 1, 2005 ¶ 10-11.) Additionally, Johnson asked Bartkowski, via email, if he would remove Quilled Creations' email address from the pamphlets included in the kits that Johnson had ordered. (*Id*.) In that request, Johnson reassured Bartkowski that Quilled Creations' copyright information would remain on the pamphlets. (*Id*.) Defendants also ignored Bartkowski's repeated requests that they stop using the copyrighted material (*id.* ¶ 10-11, 15), as well as plaintiff's counsel's August 2004 demand that defendants stop their infringing conduct (*Id.* ¶ 15; Ex. H).

The Court also looks to *N.A.S. Import* for the factors to be considered in determining the amount of statutory damages, which may in its discretion be awarded. The Second Circuit held that the purpose of statutory damages are "to compel restitution of profit and reparation for injury but also [are] designed to discourage wrongful conduct." *Id.* at 252.

Here defendants' conduct was flagrant. Defendants were well aware of their infringing actions, and yet continued to illegally sell Quilled Creations' copyrighted materials. Since defendants have defaulted, there is no means by which the Court may determine the amount of defendants' profits, or, consequently, plaintiff's losses, as a result of the infringing conduct. However, considering that one of the purpose of statutory damages is discouragement of wrongful conduct, the Court determines, in its discretion, that the circumstances of this case show that the maximum amount of enhanced damages is appropriate here.

Additionally, Bartkowski also seeks, and is of course also entitled, to recover the $3,973.98 due on outstanding invoices. (Bartkowski Dec. ¶ 9,21.) Further, he seeks legal

fees pursuant to 17 U.S.C. § 505, which states,

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 (2005).

Courts in the Second Circuit apply the Lodestar Method, which "calculates attorneys' fees by multiplying hours reasonably expended against a reasonable hourly rate; courts may use their discretion to increase the lodestar by applying a multiplier based on factors such as the riskiness of the litigation and the quality of the attorneys." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123 n. 27 (2d Cir. 2005).

Bartkowski has submitted proof of $13,385.77 in legal fees. (Baird Decl. June 10, 2005.) After review of the submissions, the Court has determined that the requested fees are reasonable and acceptable under the Lodestar Method.

## CONCLUSION

Based on conclusive evidence that defendants engaged in willful copyright infringement, Bartkowski is awarded $150,000 in enhanced statutory damages, $3,973.98 for unpaid invoices and $13,385.77 in attorney's fees. The Clerk is, therefore, directed to enter judgment for plaintiff as outlined above and to close this case.

IT IS SO ORDERED.

Dated: September 2, 2005
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge